UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
WATERFORD TOWNSHIP POLICE & FIRE
RETIREMENT SYSTEM, Individually and On
Behalf Of All Others Similarly Situated,

**MEMORANDUM & ORDER**

      Plaintiff,

10-CV-00864 (SLT) (RER)

-against-

SMITHTOWN BANCORP, INC., et al.,

      Defendants.
------------------------------------------------------------ x
GEORGE YOURGAL, Individually and On
Behalf Of All Others Similarly Situated,

      Plaintiff,

10-CV-01405 (SLT) (RER)

-against-

SMITHTOWN BANCORP, INC., et al.,

      Defendants.
------------------------------------------------------------ x

**TOWNES, United States District Judge:**

  Institutional investor Waterford Township Police & Fire Retirement System ("Waterford P&F") and class member Michael L. Cox ("Cox") (collectively known as, "Plaintiffs") moved this Court to issue an order to (1) consolidate two related securities fraud class actions; (2) appoint Waterfront P&F and Cox as lead Plaintiffs; and (3) appoint the law firm of Robbins Geller Rudman & Dowd LLP as lead counsel.

  This Court referred the motion to Magistrate Judge Raymon E. Reyes, Jr., for a report and recommendation ("R&R"). On May 31, 2011, Judge Reyes issued his R&R, (10-CV-01405 Docket No. 9 & 10-CV-00864 Docket No. 16), recommending that the motion be granted, and Defendants now object to portions of the R&R. For reasons set forth below, the Court concludes

that Defendants' objections are not substantive and adopts the R&R in its entirety.

I. **BACKGROUND**

On February 25, 2010, Waterford P&F filed suit ("Waterford P&F Action") against Smithtown Bancorp, Inc ("SBI") and on March 29, 2010, George Yourgal ("Yourgal") filed suit ("Yourgal Action") against SBI. Both Waterford P&F and Yourgal allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78(j)(b) and 78(t), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Each action is brought on behalf of all those who purchased or acquired SBI stock between March 13, 2008, and February 1, 2010. Plaintiffs allege that Waterford P&F and Cox suffered a combined loss of $75,236.48 in connection with the purchases of SBI stock during that time period. The law firm of Robbins Geller Rudman & Dowd LLP represents Waterford P&F, while Yourgal is represented by the Law Offices of Curtis V. Trinko and Barroway Topaz Kessler Meltzer & Check, LLP. In accordance with the PSLRA, Waterford P&F published notice of the Waterford P&F Action on Business Wire, a national business-oriented newswire magazine. The notice advised members of the proposed class of the commencement of the action, the claims asserted in the Complaint, the purported class period, and their right to move the Court, within sixty days, to serve as lead Plaintiffs of the purported class.

Judge Reyes concluded that (1) because the Yourgal Action and Waterford P&F Action shared the same questions of law and fact and Defendants would not be prejudiced, the two actions should be consolidated; (2) Plaintiffs Waterford P&F and Cox satisfy the requirements to be appointed as lead Plaintiffs; and (3) Robbins Geller Rudman & Dowd should serve as lead counsel. Defendants now object only to those portions of the R&R that find, under a Rule 23

2

analysis, that Plaintiffs have "typical" claims of the proposed class and that Plaintiffs would "fairly and adequately" represent the interest of the class.

## II. DISCUSSION

### A. Standard of Review

Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, even when no objections are filed, many courts seek to satisfy themselves, "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 5 Civ. 339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

### A. Defendants' Objections

With respect to the appointment of lead plaintiffs, the PSLRA requires that the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u–4(a)(3)(B)(i). In making this determination, the Court is guided by the rebuttable presumption that the most adequate plaintiffs are those persons that: (1) have either filed the complaint or made a motion in response to a notice; (2) in the determination of the court, has the largest financial interest in the relief sought by the class; and (3) otherwise

3

satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). It is important to note that "[t]he Rule 23 analysis for purposes of appointing lead plaintiff[s] is significantly less detailed than that Rule otherwise requires." *In re Initial Public Offering Securities Litigation*, No. 21-MC-92, 214 F.R.D. 117, 121 (S.D.N.Y. Apr. 15, 2011). At the initial stage of the litigation, plaintiffs "need only make a 'preliminary showing' that the rules of typicality and adequacy requirements have been satisfied." *In re Crayfish Co. Securities Litigation*, No. 00-Civ-6766, 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002).

Here, Defendants do not object to the findings of the R&R with regard to consolidation or the appointment of lead Plaintiffs and lead counsel. Defendants instead object to the R&R "solely to the extent it purports to make findings that the [l]ead Plaintiffs have, for purposes of class certification under Rule 23 of the Federal Rules of Civil Procedure, alleged claims that are 'typical' of the members of the proposed class and/or that the [l]ead Plaintiffs would 'fairly and adequately' represent the interests of the class." (Defs.' Obj. at 1). Defendants claim that because lead Plaintiffs have not filed a motion for class certification, no conclusory judgments should be made as to whether they satisfy the Rule 23 requirements. The Court is mindful of Defendants' concern that by failing to object to the preliminary Rule 23 findings of "typicality" and "adequacy" they are waiving their right to object to these issues should a motion for class certification arise. However, a Rule 23 motion for class certification is subject to a more stringent test, and the R&R in no way prevents Defendants from raising objections to "typicality" and "adequacy" requirements at that stage. *See In re WorldCom, Inc. Securities Litigation*, No. 02 Civ. 3288, 219 F.R.D. 267, 286 (S.D.N.Y. Oct. 24, 2003) (holding appointment of a lead plaintiff and certification of the class occur at two different stages of the litigation, and are to be reviewed under the separate standards that govern each process). After a

preliminary analysis, Judge Reyes only concludes that Plaintiffs satisfy the "typicality" and "adequacy" requirements for the limited purpose of appointment as the lead Plaintiffs. Accordingly, Defendants' objection is without merit.

The Court has also reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## III. CONCLUSION

For reasons stated above, the Court adopts Judge Reyes's report and recommendation (10-CV-00864 Docket No. 21 & 10-CV-01405 Docket No. 12) in its entirety.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: July 27, 2011
Brooklyn, New York